UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA L. REYNOLDS,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | CASE NO.    C04-5703JKA<br><br>ORDER AFFIRMING<br>ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ improperly rejected the opinions of Dr. Meharg, Dr. Lewis, and Dr. Eather, (2) the ALJ erroneously failed to conclude Plaintiff's arthritis (affecting her left knee and shoulder) was a severe impairment, and (3) the ALJ improperly rejected Plaintiff's testimony and the testimony of the lay witness, Ms. Peterson. After reviewing the record, the court finds and orders as follows:

      1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S.

ORDER
Page - 1

1  389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less
2  than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
3  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
4  interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th
5  Cir. 1984).

6      2. The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d
7  1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical
8  experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is
9  contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific
10 and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler,
11 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute
12 substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating
13 physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747,
14 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion
15 because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied
16 on laboratory test results, contrary reports from examining physicians and testimony from the claimant that
17 conflicted with the treating physician's opinion.

18     Here, the ALJ properly evaluated Dr. Meharg's assessment in context of the record as a whole.
19 The ALJ gave weight to the portions of the opinion that were corroborated by other medical evidence and
20 statements from the plaintiff.  For instance, Dr. Meharg found that Ms. Reynolds had "completely intact
21 abilities with respect to verbal learning and memory" (Tr. 243). He reported that she had only mild
22 impairments in basic attention skills and moderate limitations in visual learning and memory (Tr. 18, 243).
23 Dr. Meharg found that her failure to return to work was self-imposed (Tr. 243).

24     The ALJ also relied, in part, on the opinions of Drs. Lewis and Eather related to Plaintiff's
25 functional limitations.  Drs. Lewis and Eather assessed Plaintiff with moderate limitations in understanding,
26 remembering and carrying out detailed instructions (Tr. 287).  Drs. Lewis and Eather indicated that while
27 her pace is slow, she had good persistence for routine tasks (Tr. 289). Consistent with
28 this assessment, the ALJ included in her residual functional capacity ("RFC") the restriction to simple,

repetitive work (Tr. 22).  The ALJ rejected any more restrictive findings based on the medical evidence that indicated that she had almost completely recovered from her stroke a year previous.  The ALJ specifically relied on the opinion of Dr. Moon with respect to Ms. Reynolds' cognitive functioning and abilities.

The ALJ was presented with conflicting medical opinions.  Much of disagreement arises with respect to the degree in which Ms. Reynolds has recovered from her stroke.  As noted above, it is the ALJ's responsibility to resolve conflicts in the evidence and to support his decision by substantial evidence.  Here, the ALJ properly weighed the medical evidence and concluded that Ms. Reynolds had made a significant recovery from her stroke.  The ALJ did not err.

3. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The  Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it  does not significantly limit [the claimant's] physical ability to do basic work  activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work." *See* SSR  85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

Here, the ALJ found no severe impairment caused by arthritis (affecting her left knee and shoulder). The ALJ's decision is properly supported by the record.  A medical examination showed no signs of joint inflammation or swelling (Tr. 263). State Agency physician Robert Hoskins, M.D., assessed no limitations related to her knee pain, and noted that she had good range of motion in her joints, and good strength and gait (Tr. 283).  When asked if she had any problems with her knee, Ms. Reynolds said she did not have any problems walking or standing (Tr. 325).  Dr. Hoskins further noted that she had good range of motion in

her left shoulder and that her condition was well controlled (Tr. 283-84). He assessed that her only limitation was in reaching overhead with her left arm, but that she was able to do it frequently (Tr. 284). When questioned about her limitations related to her left shoulder, Plaintiff testified that she could lift 40 pounds occasionally, but could probably lift 15 to 20 pounds more frequently (Tr. 326). Therefore, substantial evidence supported the ALJ's decision that these impairments were mild, and not severe impairments.

4. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ properly discounted or discredited Ms. Reynolds' claims of total disability. As discussed above, the ALJ properly found that Plaintiff's claim of disability because of cognitive deficits was inconsistent with the medical evidence. For example, although Plaintiff reported frequent lapses of memory, testing by Stephen Meharg, Ph.D., showed that her memory was within normal limits, that she had intact abilities in verbal learning and memory, and that she had only mild impairments in basic attention (Tr. 19, 238, 242-43). Treating physician Robert Lonian, M.D., noted on August 28, 2001, that Plaintiff had recovered satisfactorily, and that she reported doing "great" (Tr. 259). Her treating physician, David Moon, M.D., reported on September 24, 2001, that she had made about a full recovery from her stroke (Tr. 17, 257).

The ALJ also found that Ms. Reynolds' testimony about the severity of her panic attacks and memory lapses was exaggerated as compared to the medical evidence, and was inconsistent with her prior statements (Tr. 18, 22). Plaintiff testified that she was not able to work because of panic attacks that

occurred about three times a month (Tr. 22, 319). However, the ALJ cited that she reported to Dr. Meharg in September 2002, that her panic attacks were only occasional and mild (Tr. 20, 22, 240). Further, Plaintiff reported to Dr. Meharg, that although she had frequent lapses of memory, they were just an annoyance and an embarrassment, but had no impact on her social functioning (Tr. 18, 20, 238).

The ALJ also properly considered and discounted the statements of Plaintiff's sister. He discussed the weight given to statements, and he properly rejected those portions that were beyond their observations of her behavior (Tr. 23). The ALJ found that the statements, like those of Ms. Reynolds, were not fully consistent with the medical evidence that indicated that her impairments resulted only in mild limitations. In sum, the ALJ did not err when he evaluated and discredited Ms. Reynolds' subjective complaints and allegations of total disability and the similar statements made by her sister.

5. Accordingly, the Court AFFIRMS the Social Security Administration's final decision.

DATED this 31st day of May, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge